# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMPLOYMENT DEVELOPMENT<br>DEPARTMENT, *et al.*,<br><br>　　　　Defendants. | Case No.  1:23-cv-01361-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Matthew B. Cramer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 15, 2023, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Cramer v. Warner*,

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff alleges that he is a victim of identity theft that led to theft of unemployment benefits issued by the Employment Development Department, and the State of California and U.S. Post Office have failed to respond or investigate. (ECF No. 1.) Plaintiff further states that all he requests is that the Employment Development Department or Bank of America investigate the victims and prosecute for fraud, and Plaintiff would dismiss his action once they investigate. (*Id.* at 6.)

At no point does Plaintiff allege that he is at risk of suffering any physical injury, much less an imminent danger of a serious physical injury. "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

///

---

Case No. 2:00-mc-00099-FCD-GGH (E.D. Cal.) (dismissed on July 26, 2001 for failure to state a claim); (2) *Cramer v. Multnomah Cty. Sheriff Dep't*, Case No. 3:02-cv-00141-JE (D. Or.) (dismissed June 25, 2002 for failure to state a claim); (3) *Cramer v. Davis*, Case No. 2:02-cv-02234-WBS-JFM (E.D. Cal.) (dismissed January 31, 2003 for failure to prosecute following a screening order dismissing the complaint for failure to state a claim), *see Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (dismissals for failure to file an amended complaint after a screening order dismissing a complaint for failure to state a claim count as a strike); (4) *Cramer v. Schwarzenegger*, Case No. 1:08-cv-01310-GSA (E.D. Cal.) (dismissed April 24, 2009 for failure to state a claim).

The Court notes that while some of the prior actions were filed under CDCR #BA-2144, Plaintiff has confirmed in his complaint that he filed civil actions while previously incarcerated under that CDCR number. (*See* ECF No. 1, p. 2.)

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2023**          /s/ Barbara A. McAuliffe             _
                                          UNITED STATES MAGISTRATE JUDGE