UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW B. CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT, et al.,<br><br>        Defendants. | No. 1:23-cv-01361-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER, FAILURE TO PAY FILING FEE AND FAILURE TO PROSECUTE<br><br>(Doc. 8) |

      Plaintiff Matthew B. Cramer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 15, 2023, together with an application to proceed *in forma pauperis*. (Docs. 1, 2.)

      On September 25, 2023, the Court issued findings and recommendations that recommended Plaintiff's motion to proceed *in forma pauperis* be denied because he was subject to the three-strikes bar imposed by 28 U.S.C. § 1915(g) and that Plaintiff be ordered to pay the $402.00 initial filing fee in full to proceed with this action. (Doc. 7.) The Court also determined that the allegations in the complaint did not satisfy the imminent danger exception to § 1915(g). (*Id.* at 2.) Plaintiff did not file any objections, and on October 20, 2023, the assigned District Judge issued an order adopting the findings and recommendations and ordering Plaintiff to pay

1  the $402.00 filing fee in full within twenty-one (21) days of service of the order.  (Doc. 8.)  In
2  that order, Plaintiff was advised that his failure to pay the required filing fee as ordered would
3  result in the dismissal of this action without prejudice without further notice.  (*Id*. at 2.)  More
4  than twenty-one (21) days have passed, and Plaintiff has not yet paid the filing fee or otherwise
5  responded to the Court's order.

6  District courts have the inherent power to control their dockets and "[i]n the exercise of
7  that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v.*
8  *Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice,
9  based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply
10  with local rules*.  See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for
11  noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)
12  (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S.*
13  *Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court
14  order).

15  In determining whether to dismiss an action, the Court must consider several factors: (1)
16  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
17  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
18  cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779
19  F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In*
20  *re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir.
21  2006) (standards governing dismissal for failure to comply with court orders).  These factors
22  guide a court in deciding what to do and are not conditions that must be met in order for a court to
23  take action.  *Id.* (citation omitted).

24  A civil action may not proceed absent the submission of either the filing fee or an
25  application to proceed in forma pauperis.  28 U.S.C. §§ 1914, 1915.  As Plaintiff's application to
26  proceed in forma pauperis has been denied, he has failed to pay the filing fee, and he has not
27  otherwise responded to the Court's order, the Court is left with no alternative but to dismiss this
28  action.  The matter has been pending since September 15, 2023, and can proceed no further

without Plaintiff's cooperation and compliance with the Court's order. Moreover, the action cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order of October 20, 2023, (Doc. 8), failure to pay the filing fee, and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 27, 2023**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

3